CHARLES CARROLL, Chief Judge,
(concurring in part and dissenting in part).
I concur in the holding of the court that the order, which the trial court entitled “Peremptory writ of mandamus,” is ap-pealable, inasmuch as it contained language amounting to a judgment granting the writ. See City of Miami Beach v. State ex rel. Pickin’ Chicken of Lincoln Road, Inc., Fla.App.1961, 129 So.2d 696, at 698, and cases cited there.
However, I am impelled to dissent from the majority decision which reversed the judgment awarding the peremptory writ of mandamus. In my opinion there was merit to the contention, presented in this case in the trial court and reasserted here, that it is arbitrary and unreasonable and a denial of equal protection of the law for the city to provide for special liquor licenses, as exceptions to the population limitations, to defined restaurants in some parts of the city and to deny special liquor licenses to such restaurants in other parts of the city where restaurants are permitted. Moreover, the argument of the city that this zoning practice is supportable by reasons of police power is weakened, if not refuted, by the disclosed fact that in approximately a dozen instances, being all of the applications, other than this one, which have been made by restaurants in such prohibited areas for exceptions, the city has granted them.